IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY JOE MURRAY,

    Plaintiff,

vs.                                                                                      No. CIV 19-0319 JB\KK

EDDY COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Danny Joe Murray's repeated failure to follow Orders by the Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, in his prisoner civil rights action. See Order to Cure Deficiency, filed June 18, 2019 (Doc. 5)("First Cure Order"); Order to Show Cause, filed July 30, 2019 (Doc. 9); Second Order to Cure Deficiency, filed January 10, 2020 (Doc. 13)("Second Cure Order"). Murray is incarcerated and proceeding pro se. He did not prepay the $400.00 civil filing fee or submit an inmate account statement to support his forma pauperis motion, despite three Court Orders instructing him to address that preliminary issue. Having reviewed applicable law and the record, the Court will dismiss the case without prejudice.

## BACKGROUND

Murray initiated this action on April 4, 2019, by filing an Untitled Letter Raising Concerns at 1 (dated March 31, 2019), filed April 4, 2019 (Doc. 1)("Letter"). The Letter appears to allege that prison officials were deliberately indifferent to Murray's medical needs in violation of the Eighth Amendment to the Constitution of the United States of America and of 42 U.S.C. § 1983. See Letter at 1-2. The filing was not on the proper civil rights form, was not sworn, and did not

appear to contain any request for relief.  See Letter at 1-2.  The Court referred the matter to Magistrate Judge Khalsa for recommended findings and disposition and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed April 5, 2019 (Doc. 2).

On June 18, 2019, the Court entered the First Cure Order.  See First Cure Order at 1.  The First Cure Order explains that, to pursue claims under 42 U.S.C. § 1983, Murray must submit a sworn civil rights complaint on the proper form and either prepay the $400 filing fee or, alternatively, submit an application to proceed in forma pauperis along with a certified copy of his inmate account statement for the period between October 4, 2018 and April 4, 2019.  See First Cure Order at 1-2.  The in forma pauperis statute, 28 U.S.C. § 1915(b)(1), requires plaintiffs to submit a certified inmate account statement showing six months of finances.  The Court also mailed Murray blank copies of the form 42 U.S.C. § 1983 complaint and the form motion to proceed in forma pauperis, which contain additional instructions on the six-month account statement.  See First Cure Order at 2.  The deadline to comply with the First Cure Order was July 18, 2019.  See First Cure Order at 2.  The First Cure Order warns that the failure to timely comply could result in dismissal of this action without further notice.  See First Cure Order at 1.

Murray did not timely comply with the First Cure Order.  This failure may have been traceable to mailing issues, because the First Cure Order was returned as undeliverable, and it appears Murray may have been released from custody without advising the Court of his new address, as D.N.M.LR-Civ. 83-6 requires.  See First Cure Order at 1-2; Mail Returned as Undeliverable, filed June 27, 2019 (Doc. 6).  By the Order to Show Cause entered July 30, 2019, Magistrate Judge Khalsa directed Murray to update his address no later than August 30, 2019.

<u>See</u> Order to Show Cause at 1-2.  The Order to Show Cause also set a deadline of August 30, 2019, for Murray to "submit a civil rights complaint on the proper form; and . . . prepay the $400 filing fee or, alternatively, submit an application to proceed in forma pauperis along with a certified copy of his inmate account statement for the period between **October 4, 2018 and April 4, 2019**."  Order to Show Cause at 1-2 (bold in original).  The Order to Show Cause warned: "Failure to timely comply with each directive in this Order and the Order to Cure (i.e., refiling the Complaint on the proper form; filing an in forma pauperis application or prepaying the $400 filing fee; and updating the address) will result in dismissal of this action without further notice."  Order to Show Cause at 1.

Murray did not comply fully with the Order to Show Cause.  He submitted an Complaint for Violation of Civil Rights (Prisoner Complaint), filed August 9, 2019 (Doc. 10)("Amended Complaint"), along with an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), filed August 9, 2019 (Doc. 11)("In Forma Pauperis Motion").  It also appears that he either updated his address or resolved any mailing issues, because no other mailings were returned as undeliverable.  The In Forma Pauperis Motion does not include, however, a certified copy of Murray's six-month inmate account statement, as the First Cure Order and Order to Show Cause require.  <u>See</u> In Forma Pauperis Motion at 1-5; First Cure Order at 1; Order to Show Cause at 2.  In accordance with Murray's pro se status, Magistrate Judge Khalsa gave him one more chance to provide his six-month inmate account statement.  <u>See</u> Second Cure Order at 1.  The Second Cure Order sets a deadline of February 10, 2020, to provide the account statement and warned that the failure to timely comply will result in dismissal.  <u>See</u> Second Cure Order at 1.

Murray has not submitted his inmate account statement or otherwise responded to the Second Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016)(citation omitted). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the

Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162. Those criteria include: (i) "the degree of actual prejudice to the defendant"; (ii) "the amount of interference with the judicial process"; (iii) "the culpability of the litigant"; (iv) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance"; and (v) "the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162 (citation omitted).

Here, Murray did not follow three separate Orders directing him to submit an inmate account statement. In light of this failure, the Court will dismiss this case pursuant to rule 41(b). See Olsen v. Mapes, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center. The Court will also deny the In Forma Pauperis Motion. If Murray still wishes to pursue his claims, he must file a new case.

**IT IS ORDERED** that: (i) the Plaintiff's Complaint for Violation of Civil Rights (Prisoner Complaint), filed August 9, 2019 (Doc. 10), is dismissed without prejudice; (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), filed August 9, 2019 (Doc. 11), is denied; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

Danny Joe Murray
Eddy County Jail
Carlsbad, New Mexico

    *Plaintiff pro se*